**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CLIFFORD EUGENE HENRY, Jr., STEVEN ROBERT AGUIRRE, and JONATHAN CARL JARRELL, Defendants-Appellants. | Nos. 14-50432, 14-50435, 15-50276 D.C. No. 2:14-cr-00055-GW MEMORANDUM* |

Appeals from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 8, 2017**
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and FABER,*** District
Judge.

In these consolidated appeals, Clifford Henry, Jr., Steven Aguirre, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David A. Faber, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Jonathan Jarrell appeal from their jury convictions arising from their unauthorized campfire that accidentally started a wildfire in the Angeles National Forest. All three defendants were convicted under 18 U.S.C. § 1855 and 36 C.F.R. § 261.5(c). Henry and Aguirre were also convicted under 36 C.F.R. § 261.5(e). As the parties are familiar with the facts, we do not recount them here. We affirm.

Henry and Aguirre argue that they were denied their Sixth Amendment right to counsel because their defense attorneys "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing" by essentially conceding their guilt at trial and arguing for jury nullification. *United States v. Cronic*, 466 U.S. 648, 659 (1984). However, there was no *Cronic* error because their defense attorneys made the reasonable tactical decisions to concede uncontestable facts and counts and focus on arguing that Henry and Aguirre were not guilty of the most serious count. *See United States v. Thomas*, 417 F.3d 1053, 1057-59 (9th Cir. 2005) (holding that it was not *Cronic* error where defense counsel conceded some incontestable counts to "enhance his credibility on counts where the evidence was somewhat less clear and the penalties significantly greater").

Contrary to Jarrell's contention, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to convict him under both 18 U.S.C. § 1855 and 36 C.F.R. § 261.5(c). *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury reasonably could have found that Jarrell aided and

abetted his co-defendants in "set[ting] on fire any timber, underbrush, or grass or other inflammable material." 18 U.S.C. § 1855. Likewise, the jury reasonably could have found that Jarrell "[c]aus[ed]" the wildfire. 36 C.F.R. § 261.5(c).

The district court did not err by denying Jarrell's motion to admit statements made by the prosecutor during his co-defendants' separate trial because the statements were irrelevant to whether Jarrell violated § 1855. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

The district court also did not err by declining to provide two jury instructions requested by Jarrell. The term "set[]" in § 1855 is a common term that the jury could readily understand. *See United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000) (stating that "the district court need not define common terms that are readily understandable by the jury"). Further instruction regarding when a crime is "complete" was unnecessary because the court's given instructions were sufficient to allow Jarrell to argue that his co-defendants had completed the crime before Jarrell acted. *See id.* at 1046 ("[T]he instructions ultimately given by the district court left ample room for the defense to proffer its theory of the case.").

We reject Jarrell's contention that his § 1855 conviction should be reversed based on cumulative error because there are no individual errors underlying his conviction. *See United States v. Franklin*, 321 F.3d 1231, 1241 n.4 (9th Cir. 2003).

3

Finally, we affirm the district court's restitution order as to all three defendants. Defendants' main argument is that the district court erred by including fire suppression costs in the restitution order under the Mandatory Victim Restitution Act ("MVRA"). However, the costs incurred to suppress the wildfire were "directly and proximately" caused by defendants' offense conduct, and are authorized under the MVRA. 18 U.S.C. § 3663A(a)(2), (b)(1); *see also United States v. De La Fuente*, 353 F.3d 766, 771-74 (9th Cir. 2003) (holding that costs incurred by county fire department's hazardous materials division when responding to the defendant's mailing of letters containing alleged anthrax were recoverable under the MVRA). We reject defendants' other challenges to the restitution order based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Eighth Amendment, and insufficient evidence that Jarrell "caused" the wildfire.

**AFFIRMED**.